Alec T. Galloway
MOORE INGRAM JOHNSON &
STEELE, LLP
3200 West End Avenue
Suite 500
Nashville, Tennessee 37203
PHONE: (615) 425-7347
FAX: (615) 783-1665

Brian E. O'Donnell *(pro hac admission pending)*
Lance J. Kalik *(pro hac admission pending)*
RIKER, DANZIG, SCHERER,
HYLAND & PERRETTI LLP
One Speedwell Avenue
P.O. Box 1981
Morristown, New Jersey 07962
PHONE: (973) 538-0800
FAX: (973) 538-1984

Attorneys for Defendants Mitsui Sumitomo Insurance Company of America and Mitsui Sumitomo Marine Management (U.S.A.), Inc.

| | |
|---|---|
| GIBSON GUITAR CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, MITSUI SUMITOMO MARINE MANAGEMENT (U.S.A.), INC., CONTINENTAL INSURANCE COMPANY, WILLIS OF TENNESSEE, INC., and WILLIS OF MICHIGAN, INC.<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>MIDDLE DISTRICT OF TENNESSEE<br><br>Civil Action No.<br><br><br>Removed from the Chancery Court for Davidson County, Tennessee<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendants Mitsui Sumitomo Insurance Company of America and Mitsui Sumitomo Marine Management (U.S.A.), Inc., ("Mitsui"), with the consent of Defendant Continental Insurance Company ("Continental"), hereby remove this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, with full reservation of any and all defenses and objections.

In support of this Notice, Mitsui respectfully submits as follows:

1. This action arises out of an insurance coverage dispute among the insured, Gibson Guitar Corporation ("Gibson"), its primary insurer, Continental, and its excess insurer, Mitsui.

2. On January 14, 2011, Mitsui filed a declaratory judgment action in the Southern District of New York against Gibson and Continental (the "New York Action"), seeking a declaration that: (i) Mitsui is not obligated to provide excess insurance coverage for certain property losses sustained by Gibson; and (ii) Mitsui is not bound by any post-loss agreement between Gibson and Continental to amend the limits of Continental's primary insurance policy with Gibson. The New York Action (Civil Action No. 11-CV-0295) is currently pending before Judge Louis L. Stanton.

3. On March 2, 2011, Gibson reflexively filed an action against Mitsui and Continental in the Middle District of Tennessee (Civil Action No. 3:11-cv-00190), which presented nearly identical issues and claims as the first-filed New York Action (the "Federal Tennessee Action"). The Federal Tennessee Action was assigned to Judge John T. Nixon and Magistrate Judge Joe B. Brown. On March 22, 2011, Gibson voluntarily dismissed the Federal Tennessee Action.

4. The following day, Gibson filed a nearly identical complaint to the one it had just voluntarily dismissed, this time in the Chancery Court for Davidson County, Tennessee (Civil

Action Number 11-390-I) (the "State Court Action").[1] The State Court Action names Willis of Tennessee, Inc. and Willis of Michigan, Inc. as defendants, in addition to Mitsui and Continental.

5. On March 24, 2011, counsel for Gibson provided counsel for Mitsui and Continental with an electronic copy of the initial pleading in the State Court Action (hereinafter "Complaint").

6. On March 30, 2011, the Department of Commerce and Insurance of the State of Tennessee accepted service of the Complaint on behalf of Mitsui. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings that have been served upon Mitsui in the State Court Action are attached as Exhibit A.

7. Continental's written consent to Mitsui removing the State Court Action to federal court is attached to this Notice as Exhibit B. See City of Cleveland v. Ameriquest Mortgage Secs., Inc., 615 F.3d 496, 501 (6th Cir. 2010) ("The rule of unanimity demands that all defendants must join in a petition to remove a state case to federal court." That rule is satisfied if "properly joined" defendants: "1) join in the removal, (2) file a written consent to removal, or (3) oppose a motion to remand.").

8. Mitsui has no knowledge as to whether or when Willis of Tennessee, Inc. and Willis of Michigan, Inc. (collectively, the "Willis Defendants"), received the Complaint (through service or otherwise). Moreover, Mitsui did not seek the consent of the Willis Defendants before removing this action because, for the reasons stated below (see infra ¶¶ 19-27), the Willis Defendants are improperly aligned as defendants in this matter, and thus their consent to removal

---

[1] The State Court Action is captioned Gibson Guitar Corp. v. Mitsui Sumitomo Insurance Company of America, Mitsui Sumitomo Marine Management (U.S.A.), Inc., Continental Insurance Company, Willis of Tennessee, Inc., and Willis of Michigan, Inc.

is not required. See, e.g., McKeen v. Continental Casualty Co., No. 10-10624, 2010 WL 3325200, at *2 (E.D. Mich. Aug. 19, 2010) (finding that it would have been a "meaningless act" for removing defendant to request the consent of misaligned defendant); Cleveland Housing Renewal Project v. Deutsche Bank Trust Co., 606 F. Supp. 2d 698, 710 n.4 (N.D. Oh. 2009), *vacated on other grounds by* 621 F.3d 554 (6th Cir. 2010) ("[A] federal court may realign the parties before ruling on removal . . . which allows a court to realign the parties before determining whether the proper consents were obtained.").

9. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice is being filed within thirty (30) days after Mitsui first received the Complaint from Gibson on March 24, 2011.

10. The Chancery Court for Davidson County, Tennessee is located within the district of the United States District Court for the Middle District of Tennessee.

11. As shown below, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that the parties (once properly aligned) are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## THIS COURT HAS DIVERSITY JURISDICTION

12. This action is removable because the Court has original jurisdiction over the case under 28 U.S.C. § 1332. See Coventry Health Care, Inc., v. Caremark, Inc., 705 F. Supp. 2d 921, 928 (M.D. Tenn. 2010) ("Removal by a defendant is valid if a plaintiff could have originally filed its suit in federal court. In a civil action, original jurisdiction in the federal courts may be established either through diversity or through the existence of a federal question.") (internal citations omitted).

13. In order to remove under 28 U.S.C. § 1332, a defendant must establish that there is complete diversity of citizenship between the respective parties and that the requisite amount

4

in controversy exists. See 28 U.S.C. § 1332(a); Cleveland Housing Renewal Project v. Deutsche Bank Trust Co., 621 F.3d 554, 559 (6th Cir. 2010). The determination of federal jurisdiction in a diversity case is made as of the time of removal. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000).

**I.     The Parties Are Diverse**

    A.     The Parties and Their Residence

14.     Plaintiff Gibson, the insured, is a resident of Delaware and Tennessee. (Compl. ¶¶ 1-2).

15.     Defendant Mitsui, Gibson's excess insurer, is a resident of New York and New Jersey. (Compl. ¶¶ 4-5, 13).

16.     Defendant Continental, Gibson's primary insurer, is a resident of Pennsylvania and Illinois. (Compl. ¶¶ 3, 12).

17.     Defendant Willis of Michigan, Inc., an insurance broker allegedly engaged to procure insurance coverage for Gibson, is a resident of Michigan. (Compl. ¶¶ 7, 14).

18.     Defendant Willis of Tennessee, Inc., an insurance broker allegedly engaged to procure insurance coverage for Gibson, is a resident of Tennessee. (Compl. ¶¶ 6, 14).

    B.     Realignment of the Willis Defendants

19.     The Willis Defendants should be realigned as "party-plaintiffs" in this action. Once they are aligned as such, there is complete diversity among the parties and removal of the State Court Action to federal court is appropriate under 28 U.S.C. § 1441(b). See 28 U.S.C. § 1441(b) (providing that diversity actions "shall be removable only if none of the parties in

5

interest properly joined and served as defendants is a citizen of the State in which such action is brought").

20. A federal district court "is not bound by the technical form of the state proceedings." Tune, Entrekin & White P.C. v. Magid, 220 F. Supp. 2d 887, 889 (M.D. Tenn. 2002). Rather, it is "the court's responsibility to ensure that the parties are properly aligned according to their interests in the litigation." Cleveland Housing Renewal Project v. Deutsche Bank Trust Co., 621 F.3d 554, 559 (6th Cir. 2010).

21. The Sixth Circuit requires district courts to align parties "in accordance with the primary dispute in controversy, even where a different legitimate dispute between the parties supports the original alignment." United States Fidelity & Guaranty Co. v. Thomas Solvent Co., 955 F.2d 1085, 1089 (6th Cir. 1992) (emphasis added). "[D]espite the fact that there may be actual and substantial ancillary or secondary issues to the primary issue, the parties should be aligned in accordance with the primary issue in an action." Id.

22. In this case, the "primary dispute" among the parties is: (i) whether Gibson is entitled to amend the coverage limits of its primary insurance policy with Continental, post-loss; and (ii) to the extent that Gibson is permitted to do so, whether Gibson can bind its excess insurer, Mitsui, to its detriment, to the post-loss amendment of the primary insurance policy.

23. Counts 1-12 of Gibson's fourteen-count Complaint center around this primary dispute and are alleged exclusively against Mitsui and Continental. Gibson asserted these identical counts against Mitsui and Continental in the previously-filed Federal Tennessee Action. (See supra ¶ 3).

24. The only allegations asserted against the Willis Defendants are Count 13 (failure to procure insurance) and Count 14 (attorneys' fees and expenses). Both of those claims,

6
Case 3:11-cv-00370 Document 1 Filed 04/19/11 Page 6 of 9 PageID #: 6

however, are made "[i]n the alternative," and only "should it be determined" that Gibson cannot reform its insurance policies in the manner described above. (Compl. ¶¶ 134, 137).

25. Thus, Gibson's claims against the Willis Defendants are entirely contingent on, and ancillary to, their claims against Mitsui and Continental. To the extent that Gibson prevails against Mitsui and Continental and obtains full coverage of its loss under the relevant insurance policies, the Willis Defendants have no liability to Gibson.

26. Accordingly, the interests of the Willis Defendants with respect to the primary dispute in this action are completely aligned with the interests of Gibson. As such, the Court should realign the Willis Defendants as "party-plaintiffs." See, e.g., Thomas Solvent Co., 955 F.2d at 1089 (affirming realignment of all insurers as plaintiffs because primary issue was whether the insurers had a duty to indemnify the insured; depending on the determination of that issue, any issues of contribution among the insurers may be moot); Aetna Casualty & Surety Co. v. Dow Chemical Co., 44 F. Supp. 2d 870, 875 (E.D. Mich. 1999) (realigning insurers as defendants where primary issue was indemnification of insured—any "contribution and allocation disputes between the insurers are secondary and hypothetical until the insurers' liability is determined").

27. Once the Willis Defendants are properly aligned as plaintiffs in this case, complete diversity exists and removal is appropriate. See 28 U.S.C. §§ 1332(a)(1); 1441(b).

II. **The Amount in Controversy Requirement Is Met**

28. Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

29. The amount in controversy "should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376 (6th Cir. 2007) (internal quotations omitted).

30. In this case, Gibson seeks insurance coverage from Mitsui and Continental for a $17 million loss. (Compl. ¶ 57). Specifically, Gibson seeks to amend its primary insurance policy such that Continental is liable for $10 million of coverage and Mitsui is liable for the remaining loss—approximately $7 million. (Compl. ¶¶ 69, 71). Alternatively, if the Court determines that Gibson cannot bind Mitsui to any post-loss amendment of its primary insurance policy, Gibson seeks to hold Continental liable for $15 million of the loss. (Compl. ¶¶ 89-91).

31. Gibson also seeks from Mitsui: (i) "a sum of twenty-five percent on [Mitsui's] liability for the loss" pursuant to Tennessee's "bad faith refusal to pay insurance loss" statute (Tenn. Code Ann. § 56-7-105); and (ii) "treble damages" for alleged violations of the Tennessee Consumer Protection Act. (Tenn. Code Ann. § 47-18-101, et seq.). (See Compl. ¶¶ 120, 130).

32. Thus, the amount in controversy far exceeds $75,000, and the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

33. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being served on all adverse parties and filed with the Clerk of this Court and the Clerk of the Chancery Court for Davidson County, Tennessee.

Date: April 19, 2011

By: _____
Alec. T. Galloway

MOORE INGRAM JOHNSON &
STEELE, LLP
3200 West End Avenue
Suite 500
Nashville, Tennessee 37203
PHONE: (615) 425-7347
FAX: (615) 783-1665

RIKER, DANZIG, SCHERER,
HYLAND & PERRETTI LLP
One Speedwell Avenue
P.O. Box 1981
Morristown, New Jersey 07962
PHONE: (973) 538-0800
FAX: (973) 538-1984

*Attorneys for Defendants Mitsui Sumitomo Insurance Company of America and Mitsui Sumitomo Marine Management (U.S.A.), Inc.*

4132401.1